UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Crim. No. 19-CR-345 (CKK) |
| | : | |
| v. | : | |
| | : | |
| MOISES DELCID, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Memorandum in Aid of Sentencing.  For the reasons herein, the United States requests that the Court sentence the defendant to a period of 27 months of incarceration, to be followed by three years of supervised release.  The government is not requesting any fines or restitution in this case, other than required court costs.  In support of this sentence, the government states the following.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 9, 2019, a federal grand jury for the United States District Court for the District of Columbia returned an indictment charging Defendant Delcid with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).  The charge stemmed from the defendant's possession of a firearm and ammunition on or about October 6, 2019.  The underlying facts supporting the guilty plea are as follows.

Officers with the Metropolitan Police Department ("MPD") Narcotics and Special Investigations Division ("NSID") Gun Recovery Unit ("GRU") were on patrol looking specifically for the defendant, who had an outstanding arrest warrant from Prince George's County for First

Degree Assault (Gun).  Based on the defendant's last-known cell phone location, the officers

responded to the 1100 block of 19th Street, Northwest, Washington, DC.  They located the

defendant there.  Upon seeing the officers, the defendant got on a bicycle and quickly peddled

away with a backpack.  The officers chased the defendant, despite being told by the defendant not

to chase him.  The officers persisted, on foot and in a vehicle, and were able to detain the defendant.

During the pursuit, the defendant dropped his backpack on the ground.  The backpack was searched

and found to contain a Mossberg 715P .22 caliber semi-automatic pistol, which was loaded with

one round in the chamber and eight rounds in the magazine.  The magazine had the capacity to

hold up to 25 rounds.  Also inside the backpack were approximately 235 rounds of .22 long rifle

ammunition.  Neither the firearm nor the ammunition recovered from the defendant's backpack

was manufactured within the District of Columbia.

At the time of this incident, the defendant had been convicted of a prior felony conviction

for which the potential penalty exceeded one year.

## DISCUSSION AND RECOMMENDATION

### I.        Generally Applicable Legal Principles

When determining the appropriate sentence, the district court should consider all of the

applicable factors set forth in 18 U.S.C. § 3553(a).  See United States v. Gall, 128 S. Ct. 586, 596

(2007).  The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and
> characteristics of the defendant;
>
> (2) the need for the sentence imposed –
> > (A) to reflect the seriousness of the offense, to
> > promote respect for the law, and to provide just
> > punishment for the offense;
> > (B) to afford adequate deterrence to criminal
> > conduct;
> > (C) to protect the public from further crimes of the

defendant; and

(D) to provide the defendant with needed educational
or vocational training, medical care, or other
correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –
(A) the applicable category of offense committed by
the applicable category of defendant as set forth in
the guidelines –
(i) issued by the Sentencing Commission ...;
and
(ii) that, . . . are in effect on the date
the defendant is sentenced; ...

(5) any pertinent policy statement –
(A) issued by the Sentencing Commission ... and
(B) that, . . . is in effect on the date the defendant is
sentenced.

(6) the need to avoid unwarranted sentence disparities among
defendants with similar records who have been found guilty of
similar conduct; and

(7) the need to provide restitution to any victims of the offense.

## II.   Defendant's Sentencing Guidelines Calculation

### A.   Total Offense Level

The base offense level for the defendant's violation of 18 U.S.C. § 922(g)(1), involving a

semiautomatic firearm capable of accepting a large capacity magazine, is governed by U.S.S.G. §

2K2.1(a)(4)(B).  The base offense level is 20.  After subtracting points for Defendant Delcid's

acceptance of responsibility, the final score – as calculated by the parties – is 17.

### B.   Criminal History Category

In the plea agreement, the parties had anticipated that Defendant Delcid had 6 criminal

history points; however, the PSR has added an additional point for the defendant's conviction of

Driving Under the Influence and Attempted Operating After Suspension in 2018 CTF 17407.[1]

Therefore, the resulting total is 7 criminal history points, shifting Defendant Delcid from

Category III to Category IV.  Below is a summary chart of the defendant's previous convictions,

and points attributable to them, that provide the basis for his criminal history score.

| Docket No. | Charge | Jurisdiction | Sentence | U.S.S.G. |
|---|---|---|---|---|
| 2018 CTF 17407 | DUI / Attempted Operating After Suspension | Washington, DC | DUI: 90 days (78 days suspended); Attempted Operating After Suspension: 30 days (suspended); 12 months probation; bed to bed evaluation ordered; after probation revoked, 75 days imposed on DUI and 30 days imposed on OAS | 2 |
| CR15001814-01 | Grand Larceny | Arlington, VA | 3 years (suspended); 3 years probation; 2 additional years probation after violation | 1 |
| 2017 DVM 1000 | Attempted Threats | Washington, DC | 20 days jail after probation revoked | 1 |
| 2015 CMD 1068 | Attempted Receiving Stolen Property, Attempted Possession of a Prohibited Weapon (machete) | Washington, DC | 30 days (suspended) on each count; 9 months probation | 1 |
| Instant offense committed while under any criminal justice sentence | | | | 2 |
| **Total** | | | | 7 |

---

[1] In reviewing the draft presentence report, the government understood this conviction to warrant a score of only one criminal history point.  After the PSR writer pointed out the defendant's revocation of probation and corresponding resentencing in that case, the government agrees that this conviction is appropriately scored as two points under U.S.S.G. § 4A1.1.

### C.      Sentencing Guideline Range

In Criminal History Category IV, with the parties' agreed-upon offense level of 17, Defendant Delcid is in a range of 37-46 months.  The requested sentence of 27 months is below this range, consistent with the term of the plea agreement that the government would allocute for a sentence at 25 percent below the bottom of the guidelines range.[2]

## III.    Sentencing Recommendation

As stated above, the government requests a sentence of 27 months of incarceration, to be followed by three years of supervised release.

### A.      The Nature of the Offense

On October 6, 2019, law enforcement put themselves in a dangerous situation, pursuing a wanted subject for an offense alleged to have occurred with a gun.  In fact, it was the belief of the MPD command staff that the defendant was dangerous enough to justify making his capture the focus of the majority of GRU patrol officers on multiple days, beginning on October 4, 2019. Upon finding the defendant sitting outside on a concrete wall two days later, the defendant attempted to flee the officers.  Although the defendant fled on a bicycle, the police had to respond both on foot and in a vehicle.  When an officer was close behind him, the defendant turned to the officer and said, "Don't chase, I'll shoot you."  Fortunately, the defendant did not take action on this threat.  Ultimately, a police vehicle and the defendant's bicycle collided.  The defendant then attempted to flee on foot but stopped on his own, removing the backpack from his person and dropping it on the sidewalk.  At that point, officers were able to handcuff the defendant.

The firearm located in the backpack was a Mossberg International Inc. 715P.  In addition

---

[2] The government's allocution for 27 months of incarceration is slightly lower than the 25 percent reduction from the bottom of the guidelines range.  Reducing 37 months by 25 percent would yield a sentence of 27.75 months.  In the interest of simplicity, the government is rounding down for its allocution.

to the gun being loaded with a total of nine rounds, the defendant had a high number (approximately 235) of additional rounds of .22 long rifle ammunition.  The number of additional rounds far exceeds the number needed to fill even the large-capacity magazine.  The defendant's possession of a loaded firearm, with a large-capacity magazine, and extra ammunition allowing him to fire hundreds of rounds, presented a significant risk to members of the community and to law enforcement.  The defendant also suggested that he is not afraid of brandishing such weapons, stating to the officers words to the effect of, "I'm DC['s] most wanted because I carried a submachine gun into a gas station."

**B.      The History and Characteristics of the Defendant**

The instant case is the defendant's first gun conviction.  His criminal history is varied, including theft, threats, possession of a machete, destruction of property, and traffic offenses.  The defendant's consistency in picking up new cases since 2013 is of concern to the government.  To Defendant Delcid's credit, however, he has sought to accept responsibility at an early juncture in this case. The government concurs with the recommendations in the PSR regarding the educational program that the defendant should avail himself of while incarcerated.  See PSR ¶¶ 95-96.

**C.      The Need for the Sentence Imposed**

Given the defendant's early acceptance of responsibility in this case, the government believes that a sentence of 27 months of incarceration, to be followed by three years of supervised release, is the appropriate sentence in this case.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY

By:     /s/ *Christine Macey*
Christine Macey
Assistant United States Attorney

6

DC Bar. No. 1010730
Violent Crimes & Narcotics Trafficking Section
555 4th Street, NW, Room 4816
Washington, DC 20530
(202) 252-7058
Christine.Macey@usdoj.gov